# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

|                              | CV 18-7613 DSF |
|------------------------------|----------------|
| In re XURI WORTHING WEBB     | OPINION        |

Appellant and Debtor Xuri Worthing Webb appeals from the Bankruptcy Court's order approving payment of $31,954 in attorney's fees and costs to Appellee Ghanooni Law Firm, APC and the Bankruptcy Court's subsequent denial of a motion to reconsider that order.

A bankruptcy judge's approval of attorney's fees is reviewed for abuse of discretion. In re Eliapo, 468 F.3d 592, 596 (9th Cir. 2006). "That is, we will not reverse an award of fees unless we have a definite and firm conviction that the bankruptcy court committed clear error in the conclusion it reached after weighing all of the relevant factors." Id. Underlying findings of fact are reviewed for clear error and interpretations of law are reviewed de novo. Id. Denial of a motion for reconsideration is reviewed for abuse of discretion. In re Donovan, 871 F.2d 807, 808 (9th Cir. 1989).

In conjunction with the filing of her Chapter 13 petition, Appellant signed a retention agreement with Appellee for legal services as well as the Central District Bankruptcy Court's form "Rights and Responsibilities Agreement." These documents provided for certain services to be provided for a fixed fee of $6,000. Additional services were to be provided at a cost of $450 per hour. The retention agreement specifically listed "objections to claim [sic] – several of which are anticipated in your case" and "adversary proceedings which may arise in relation to the two disputed liens and the potential dispute with James Leach" as additional services not covered by the fixed fee. There is no dispute that Appellee provided services related to those matters. Appellant instead opposed the additional requested fees on the grounds that she was not sufficiently informed that work outside of the fixed fee was being performed and that she was not provided with timely billing to notify her of the magnitude of the additional fees. Appellant also argued that the fee dispute should have been submitted to arbitration under the terms of the retention agreement.

Appellant's objection to the requested fees based on the arbitration clause was first raised in her motion for reconsideration. The Bankruptcy Court did not abuse its discretion in finding that the argument was untimely and did not meet the requirements for reconsideration.

Appellant claims that the Bankruptcy Court improperly relied on work done by Appellee on a loan modification when the loan modification work was done pursuant to a flat fee arrangement and was not part of the hourly billing at issue. While the Bankruptcy Court did note the extensive work done on loan modification, there is no indication that its ultimate ruling on reasonability was based on the loan modification work. The Bankruptcy Court was clearly aware that the loan modification

work was done for a fixed fee and that it was awarding additional fees for work beyond the loan modification.  See App'x at 126 ("In addition to the Base Fee . . . and the $2,500 flat fee for the [loan modification] program, [Appellee] is entitled to the hourly rate of $450.00 per hour for additional services.").  The Bankruptcy Court's ruling was based on the 24 pages of time records for those "additional services," not the loan modification work.  See id.

Appellant also argues that the Bankruptcy Court erred in granting the additional fees in light of Appellee's failure to submit interim billing.  The Bankruptcy Court was aware of – and troubled by – the failure to submit bills to Appellant.  Nonetheless, based on correspondence between Appellee and Appellant, it found that Appellant was sufficiently on notice of rapidly accruing fees, and that Appellant bore some responsibility to inquire about the specifics of those fees.  See App'x at 144-45.  The Bankruptcy Court adequately considered and weighed the evidence and did not abuse its discretion in coming to that conclusion.

Appellant argues that Appellee should have been estopped from seeking fees for work prior to November 9, 2017 because such fees were not disclosed on the amended Chapter 13 plan filed on that date.  The Bankruptcy Court did not abuse its discretion in rejecting this argument because in this case, no plan was confirmed and the fees were sought after dismissal.

Appellant argues that the Bankruptcy Court should have granted a continuance to allow Appellant to retain new counsel.  A lower court's decision to grant or deny a continuance is reviewed for abuse of discretion.  Citicorp Real Estate, Inc. v. Smith, 155 F.3d 1097, 1102 (9th Cir. 1998).  After Appellee was no longer Appellant's lawyer, Appellant retained a second lawyer.  However, at the time of the fee motion hearing, Appellant's counsel had withdrawn due to Appellant's failure to pay fees.  The Bankruptcy

3

Court denied the continuance because it believed that Appellant had ample time to retain counsel prior to the hearing and was concerned about more delay and expense. The Bankruptcy Court also explicitly allowed Appellant to file a motion for reconsideration with the benefit of counsel if counsel was retained later. See App'x at 145. The Bankruptcy Court did not abuse its discretion in denying the continuance.

Appellee requests that the Court find that this appeal was frivolous and implicitly requests fees on appeal. The appeal was not frivolous, and the request is denied.

AFFIRMED.

Date: May 22, 2019

_____
Dale S. Fischer
United States District Judge